UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| In re CAREFREE WILLOWS, LLC,<br><br>                Debtor. | |
| WILLOWS ACCOUNT, LLC<br><br>                Appellant,<br><br>v.<br><br>AG/ICC WILLOWS LOAN OWNER, LLC; CAREFREE WILLOWS, LLC; and UNITED STATES TRUSTEE,<br><br>                Appellees. | Case No. 2:14-cv-00637-APG<br>(Dkt. No. 7)<br><br>Case No. 2:14-cv-00652-RCJ<br>(Dkt. No. 10) |
| CAREFREE WILLOWS, LLC<br><br>                Appellant,<br><br>v.<br><br>AG/ICC WILLOWS LOAN OWNER, LLC and UNITED STATES TRUSTEE,<br><br>                Appellees. | Case No. 2:14-cv-00654-JCM<br>(Dkt. No. 6)<br><br>Case No. 2:14-cv-00656-JAD<br>(Dkt. No. 6)<br><br>**Order Denying Appellants' Motions to Consolidate and Transferring the Pending Appeals to Judge Andrew P. Gordon**[1] |

## I. BACKGROUND

Collectively, Willows Account, LLC and Carefree Willows, LLC (the "Appellants") have filed four separate appeals challenging four separate orders from the U.S. Bankruptcy Court for the District of Nevada, all arising from the same bankruptcy case. The first-filed appeal (the "First Appeal") was assigned to me.[2] The other three appeals were assigned to Judges Robert C.

---

[1] A copy of this Order shall be filed separately in each of the four above-listed appeals.

[2] Case No. 2:14-cv-00637-APG.

Jones,[3] James C. Mahan,[4] and Jennifer A. Dorsey,[5] respectively. Appellants have moved to consolidate the three appeals not pending before me into the First Appeal.[6] I have consulted with the other three judges, and they agree that I should resolve this motion to consolidate.

## II.  ANALYSIS

### A.  Consolidation Under Fed. R. Bankr. P. 8002, Fed. R. Civ. P. 42(a)

"The district courts . . . have inherent authority to consolidate [bankruptcy] appeals."[7] Bankruptcy Rule 8002, however, does not provide a standard to determine when consolidation is proper. At least one other district court has relied on Bankruptcy Rule 7042's reference to Civil Rule 42, with regard to the consolidation of bankruptcy adversary proceedings, to apply Civil Rule 42 to the consolidation of appeals.[8] Another district court has applied Civil Rule 42 without any reference to the Bankruptcy Rules.[9] I agree that Civil Rule 42 provides the relevant legal standard. That rule provides:

> If actions before the court involve common questions of law or fact, the court may:
>
> (1) join for hearing . . . any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed.R.Civ.P. 42(a). Consolidation requires only a common question of law or fact; perfect identity between all facts and issues in any two appeals is not required, so long as there is some commonality of issues. To determine whether consolidation is warranted, courts "weigh[] the

---

[3] Case No. 2:14-cv-00652-RCJ.

[4] Case No. 2:14-cv-00654-JCM.

[5] Case No. 2:14-cv-00656-JAD.

[6] Although Appellants are two distinct entities with separate counsel, their motions for consolidation are essentially identical and appear to have been drafted by the same person.

[7] Fed. R. Bankr. P. 8002 advisory committee notes.

[8] *Gravel & Shea v. Vt. Nat'l Bank*, 150 B.R. 889, 891 (D. Vt. 1993); *cf. Iannini v. Winnecour*, 487 B.R. 434, 436 (W.D. Pa. 2012) (consolidating cases under Bankruptcy Rule 8002 without reference to Civil Rule 42).

[9] *Benham v. Hagen (In re Benham)*, No. CV-12-01279, 2012 WL 7855856 (C.D. Cal. 2012).

interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation."[10] The party seeking consolidation under Rule 42(a) bears the burden of proving that consolidation is desirable—that "the judicial economy and convenience benefits of consolidation outweigh any prejudice."[11] However, this balancing test occurs only if there is at least one common question of law or fact.[12]

Appellants have failed to demonstrate that these four appeals have a common question of law or fact. The motions to consolidate admit that the legal questions are distinct, and contend that "a single set of facts underlies each of the legal determinations this Court must make in each of the Pending Appeals."[13] Appellee AG/ICC Willows Loan Owner, LLC ("AG") agrees, unsurprisingly, that each appeal raises a distinct legal question. However, AG contends that each appeal also raises distinct factual questions. AG has the better position. Even if Appellants are correct that the four appeals arise from the same nucleus of facts, it does not necessarily follow that the appeals involve at least one common disputed factual issue.[14] Consolidation, therefore, must be denied.

**B.  Assignment to a Single Judge Under Local Rule 7-2.1**

Although the four appeals do not meet the standard for Civil Rule 42(a) consolidation, they are sufficiently "related" to justify assignment to a single district judge under Local Rule 7-2.1. I take the liberty of interpreting Appellants' motions to consolidate as notices of related cases under LR 7-2.1. This interpretation is not a legal or factual stretch, as the motions argue that assignment to a single district judge is desirable, and AG agrees with this desire. Under LR 7-2.1, cases are related if:

> (a) Both actions involve the same parties and are based on the same or similar claim;

---

[10] *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989).

[11] *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007).

[12] *See id.*

[13] (Dkt. No. 7 at 6.)

[14] *See Touchstone Group, LLC v. Rink*, No. 11-cv-02971, 2012 WL 2921223 at *2 (D. Colo. July 16, 2012).

    (b) Both actions involved the same property, transaction or event;

    (c) Both actions involve similar questions of fact and the same question of law and their assignment to the same district judge and/or magistrate judge is likely to effect a substantial savings of judicial effort, either because the same result should follow in both actions or otherwise; or,

    (d) For any other reason, it would entail substantial duplication of labor if the actions were heard by different district judges or magistrate judges. The assigned judges will make a determination regarding the consolidation of the actions.[15]

Given that the same set of predicate facts underlies each appeal, and that each appeal arises from the same proceedings in bankruptcy court in relation to the same bankruptcy case, assignment to a single district judge should foster more efficient appellate proceedings in the district court in terms of time, money, and judicial resources.

The four instant appeals shall retain their separate character and shall be briefed separately, although I will determine each of them. I may set oral argument for the same day in all four appeals, but I will make that decision after briefing is complete.

### III. CONCLUSION

In accord with the above, I hereby ORDER:

1. Appellants' motions to consolidate are DENIED.

2. The following three appeals are ASSIGNED to Judge Andrew P. Gordon: case no. 2:14-cv-00652-RCJ; case no. 2:14-cv-00654-JCM; and case no. 2:14-cv-00656-JAD.

DATED this 28th day of May, 2014.

                                  ANDREW P. GORDON
                                  UNITED STATES DISTRICT JUDGE

---

[15] "Consolidation" under LR 7-2.1 requires a lesser showing than under Rule 42(a); for that reason, I use the term "assignment" rather than "consolidation" to refer to action taken under LR 7-2.1.